**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 08 2013, 8:32 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANTS
BENITO S. GAMBA, HILDA P.
GAMBA AND GAMBA REAL ESTATE
HOLDINGS, LLC:

**MICHAEL T. TERWILLIGER**
Valparaiso, Indiana

**BRIAN CUSTY**
Merrillville, Indiana

ATTORNEY FOR APPELLANT
TICOR TITLE INSURANCE CO.:

**JOHN H. HALSTEAD**
Querrey & Harrow
Merrillville, Indiana

ATTORNEY FOR APPELLEE
THE ROSS GROUP, INC.:

**GERALD M. BISHOP**
Gerald M. Bishop & Associates
Merrillville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BENITO S. GAMBA, HILDA P. GAMBA and GAMBA REAL ESTATE HOLDINGS, LLC | ) | |
| | ) | |
| Appellants-Defendants, | ) | |
| | ) | |
| vs. | ) | No. 45A03-1202-PL-92 |
| | ) | |
| THE ROSS GROUP INC., | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |
| | ) | |
| TICOR TITLE INSURANCE COMPANY, | ) | |
| | ) | |
| Appellant (Third Party Defendant), | ) | |

|  |  |  |
|---|---|---|
| vs. | ) | |
| | ) | |
| | ) | |
| THE ROSS GROUP, INC., | ) | |
| BENITO GAMBA, HILDA GAMBA and | ) | |
| GAMBA REAL ESTATE HOLDINGS, LLC., | ) | |
| | ) | |
| Appellees-Plaintiffs/Defendants. | ) | |

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable Diane Kavadias Schneider, Judge
Cause No. 45D01-0606-PL-53

**March 8, 2013**

**MEMORANDUM DECISION ON REHEARING - NOT FOR PUBLICATION**

**VAIDIK, Judge**

Following our December 28, 2012, opinion in which we concluded, among other things, that Benito and Hilda Gamba ("collectively, "Gamba") are liable for a construction-cost overage, Gamba now petitions for rehearing. Gamba disagrees with various portions of our opinion, but we grant rehearing to address only his argument that we mischaracterized the disbursement agreement in this case. We affirm our original opinion in all respects.

In our December opinion, we stated the following:

Gamba also argues that the terms of the disbursement agreement required Ross to give Gamba advance notice of changes, and by failing to do so, Ross waived its right to assert a claim for the overage. The terms of the disbursement agreement do require advance, written consent before proceeding with any changes. However, the disbursement agreement governs the ability of a signatory contractor to assert a claim for additional expenses as against the loan proceeds being distributed. As Ross correctly notes, it was not intended to supplement or amend the construction

2

contract, and it makes no reference to contractors or owners, speaking only of "lenders" and "escrowees."

*Gamba v. Ross Group Inc.*, No. 45A03-1202-PL-92 (Ind. Ct. App. Dec. 2012) (footnote and citations omitted).

We misspoke. We should have stated that the recitals portion of the disbursement agreement speaks in terms of lenders and escrowees. Gamba correctly states that the operative portion of the disbursement agreement refers to contractor and owner. However, this does not change our conclusion as to the authority of the disbursement agreement.

We reasoned that "[T]he disbursement agreement governs the ability of a signatory contractor to assert a claim for additional expenses as against the loan proceeds being distributed," and was not intended to supplement or amend the construction contract between Gamba and Ross. *Slip. op.* at 7. Contrasting the two contracts, we explained that "the construction contract between Gamba and Ross governs the conduct of owner and contractor during the project. And that contract did not require change orders or advance, written consent." *Id.* We concluded that Gamba could not "rely on language in the disbursement agreement to impose a duty upon Ross that appears nowhere in the Gamba-Ross construction contract, and in turn, argue waiver based upon that duty." *Id.*

Even setting aside the disbursement agreement's use of the terms "contractor" and "owner" entirely, our conclusion remains the same. Accordingly, we affirm our original

3

opinion in all respects.

MATHIAS, J., and BARNES, J., concur.